UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

JIANGBO PHARMACEUTICALS, INC.   Case No. 13-15624-BKC-RBR
f/k/a Genesis Pharmaceuticals Enterprises,   Chapter 7
Inc.
    Debtor
_____ /

WILLIAM LINDQUIST
AND DEREK J. BRUCE,

    Plaintiffs,   Adv. Pro. No. 13-01503-RBR
v.

CAO WUBO, *et al.*,

    Defendants.
_____ /

**RESPONSE IN OPPOSITION TO THE TRUSTEE'S MOTION TO INTERVENE**

Elsa Sung ("Ms. Sung"), by and though her undersigned counsel, respectfully files this response in opposition to *Sonya L. Salkin, Chapter 7 Trustee's Motion to: (I) Intervene As Plaintiff in This Shareholder Derivative Action; (II) Abate Case to Complete Ongoing Investigation; and (III) Enforce the Automatic Stay With Respect to All Defendants* [ECF No. 12] (the "Motion to Intervene") filed on July 25, 2013 [ECF No. 12].

**Argument**

1.    On July 9, 2013, Sonya Salkin, the duly appointed trustee ("Trustee") in this chapter 7 bankruptcy, filed a Notice of Removal of Civil Action to the United States Bankruptcy Court for the Southern District of Florida [ECF No. 1] (the "Notice"), seeking removal to this Court of litigation pending in the United States District Court, Southern District of Florida

("District Court"), entitled *William Lindquist and Derek J. Bruce v. Cao Wubo, et al.* (Case No. 1:11-cv-23876-MGC) (the "Litigation").

2. On July 23, 2013, Ms. Sung filed her Federal Rule of Bankruptcy Procedure 9027(e)(3) Statement in connection with the Notice, denying the Trustee's allegations that the Litigation is a "core proceeding" as that term is used in 28 U.S.C. 157(b)(1) and stating that she does not consent to the entry of final orders or judgments by the U.S. Bankruptcy Court pursuant to 28 U.S.C. § 157(c)(2). [ECF No. 4].

3. Also on July 23, 2013, Ms. Sung filed her Opposition to Removal Or, In the Alternative, Motion for Remand Pursuant to 28 U.S.C. § 1452(b) [ECF No. 5] (the "Motion to Remand"), in which she argues that removal of the Litigation to this Court is improper as a matter of law and, in the alternative, that remand of the Litigation is warranted under 28 U.S.C. 1452(b).

4. As discussed in more detail in the Motion to Remand, under well-settled case law, 28 U.S.C. Section 1452(a) does not permit the removal of a federal district court case to the bankruptcy court in the same district. *See, e.g. Holcomb v. Federal Home Loan Mortgage Corp. (In re Holcomb)*, No. 11-01709-EPK, 2011 WL 1258107, at *1 (Bankr. S.D. Fla. March 31, 2011) (Kimball, J.); *Mitchell v. Fukuoka Daiei Hawks Baseball Club*, 206 B.R. 204, 209 (Bankr. C.D. Ca. 1997). Accordingly, because the Trustee's Notice purports to remove the Litigation – an already substantially-litigated federal lawsuit pending before the District Court for the Southern District of Florida – to this Bankruptcy Court, Ms. Sung requests in the Motion to Remand that the Court strike the Notice and remand the Litigation to the District Court as improperly removed.

5.      And to the extent that the Court finds that the Trustee's removal of the Litigation to the Bankruptcy Court is procedurally proper and accordingly, permitted under 28 U.S.C. 1452(a), Ms. Sung alternatively argues that remand of the Litigation to the District Court under 28 U.S.C. § 1452(b) is warranted.

6.      On July 25, 2013, the Trustee filed her Motion to Intervene, in which she requests that this Court: (i) allow the Trustee to intervene as Party Plaintiff in the Litigation; (ii) abate the Litigation for 180 days to permit the Trustee to conduct an investigation concerning the Litigation; and (iii) enforce the automatic stay with respect to all defendants.

7.      Consistent with Ms. Sung's positions in her Motion to Remand and because the proper course is for the Trustee to seek such relief before District Judge Cooke in the District Court, who is familiar with the facts of this case, Ms. Sung requests that this Court deny the Motion to Intervene without prejudice and remand the Litigation back to the District Court.[1]

8.      To the extent the Court is inclined to consider the Motion to Intervene, however, Ms. Sung objects to the Trustee's request for a 180-day abatement, which is far too long a period of time to delay the Litigation. The Trustee has noticed a 2004 deposition exam of Ms. Sung for August 21, 2013. Accordingly, within the next couple of weeks the Trustee will have taken her deposition and received the documents requested from Ms. Sung. Given these circumstances, an abatement of no more than 60 days is appropriate for the Trustee to determine whether the facts support proceeding with this Litigation against Ms. Sung, which Ms. Sung is confident they will not.

---

[1] In previous discussions, counsel to Ms. Sung has informed the Trustee that Ms. Sung will consent to a motion by the Trustee to intervene in the Litigation, as well as to a limited stay of the Litigation in the District Court pending her receipt of documents and a 2004 exam of Ms. Sung. The Trustee has been unwilling to proceed in this manner, instead, filing the Notice of Removal. These are issues, however, that should be considered by the District Court.

WHEREFORE, Elsa Sung respectfully requests that this Court enter an order denying the Trustee's Motion to Intervene without prejudice, and for such further relief as the Court deems appropriate.

Dated: August 8, 2013

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Counsel for Elsa Sung*
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By: /s Jose A. Casal
   Jose A. Casal
   Florida Bar No. 767522
   jose.casal@hklaw.com
   Tracy Nichols
   Florida Bar No. 454567
   tracy.nichols@hklaw.com
   Louise McAlpin
   Fla. Bar No. 983810
   louise.mcalpin@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2013, a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case and by U.S. Mail on:

| | |
|---|---|
| Laurence Matthew Rosen, Esq.<br>**The Rosen Law Firm**<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br>(counsel to plaintiffs) | David Cimo, Esq.<br>**Genovese Joblove & Battista, P.A.**<br>100 S.E. Second Street, 44th Floor<br>Miami, FL 33131<br>(counsel to Trustee) |
| Blake Sando<br>**COLE, SCOTT & KISSANE, P.A**<br>915 South Dadeland B<br>Boulevard, Suite 1400<br>Miami, Fl 33156<br>(Counsel to Frazer Frost LLP) | **Office of the US Trustee**<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130 |

By: /s Jose A. Casal
    Jose A. Casal